IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARLTON THOMPSON and<br>ANGELA THOMPSON,<br><br>     Plaintiff,<br><br>     v.<br><br>METLIFE HOME LOANS and<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM, INC.,<br><br>     Defendants. | CIVIL ACTION FILE<br><br>1:10-CV-02932-TCB-GGB |

## FINAL REPORT AND RECOMMENDATION

This action is before the Court on Defendants' Metlife Home Loans, a division of Metlife Bank, N.A. (collectively "Metlife"), and Mortgage Electronic Systems, Inc. ("MERS") (collectively "Defendants") motion to dismiss the Complaint (Doc. 4) and a motion to stay deadlines (Doc. 5)  For the reasons stated below, I **RECOMMEND** that Defendants' motion to dismiss be **GRANTED** and Defendants' motion to stay be **DENIED as moot**.

## I.   Procedural History

Plaintiffs Carlton and Angela Thompson ("Plaintiffs"), who are proceeding pro se, commenced the underlying action with the filing of a Complaint on September 14, 2010. (Doc. 1.) Plaintiffs' "Complaint for Permanent Injunction for Cease and Desist

and Other Equitable Relief" alleges foreclosure and debt collections actions pertaining to real property located in Baltimore, Maryland.

On October 12, 2010, Defendants filed a motion to dismiss the Complaint for failure to state a claim upon which relief may be granted (Doc. 4) and a motion to stay deadlines pending the outcome of their motion to dismiss (Doc. 5). To date, Plaintiffs have not filed responses to the motions or otherwise corresponded with the Court. Local Rule 7.1(B) provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Therefore, the motions are deemed unopposed. Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).

## II.    Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court recently clarified the pleading standard for civil actions, stating:

2

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (citations and internal quotation marks omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the

3

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).  All reasonable inferences are to be made in favor of the plaintiff.  Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

**III.    Discussion**

Because Plaintiffs are proceeding pro se, their Complaint must be "liberally construed."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.; see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

While I have attempted to interpret Plaintiffs' Complaint leniently in accordance with this less stringent standard, I note that Plaintiffs have filed what can be deemed, at best, a shotgun complaint.  As the Eleventh Circuit has stated, shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief."  Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).  "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."  Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001).

Plaintiffs make reference to several federal statutes, as well as Maryland law,

4

and generally allege that each has been violated.  They fail to specify which facts, of the few that appear in the Complaint, support which claims.  Plaintiffs' Complaint includes long recitation of legal theories and assumptions about Defendants' business practices.  Plaintiff also states that venue is proper in the Northern District of Georgia, but the property is located in Maryland and there is no indication from any of the facts alleged in the complaint that any of the parties have any connection to Georgia or this district.  Under Twombly, Plaintiffs' Complaint is subject to dismissal for failing to state "enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  Therefore, I **RECOMMEND** that Defendants' Motion to Dismiss (Doc. 4) be **GRANTED**.

IV.   Conclusion

Accordingly, and with good cause appearing, I **RECOMMEND** that Defendants' motion to dismiss (Doc. 4) be **GRANTED**.  I also **RECOMMEND** that Defendants' motion to stay pretrial deadlines (Doc. 5) be **DENIED AS MOOT**.

**IT IS SO RECOMMENDED**, this 5th day of November, 2010.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)