IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CARLTON THOMPSON, et al.,

        Plaintiffs,

    v.

METLIFE HOME LOANS, et al.,

        Defendants.

CIVIL ACTION FILE

No. 1:10-cv-2932-TCB

## NOTICE TO ALL PARTIES

All parties to the above-styled case are hereby informed that it recently has been brought to the attention of the Honorable Timothy C. Batten, Sr., that while he presided over this case he owned stock in J.P. Morgan Chase. His ownership of this stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and the parties therefore are notified of the conflict.

Advisory Opinion 71 from the Judicial Conference Codes of Conduct Committee provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The

parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplates disqualification after a court of appeals oral argument, the committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

Any motions or other filings in response to this notice should be filed within 30 days of the date this notice is docketed and will be considered by another judge of this Court without the participation of Judge Batten.

/s/Kevin P. Weimer
Kevin P. Weimer
Clerk of Court